ORFINGER, Judge.
In his appeal from the denial of his Florida Rule of Criminal Procedure 3.850 motion, appellant contends that his trial counsel was ineffective for failing to object to the inclusion of a 1964 armed robbery conviction in his sentencing guidelines score-sheet, the exclusion of which would have reduced his presumptive guidelines sentence.
Florida Rule of Criminal Procedure 3.701 d 5(b) provides:
Adult Record: An offender’s prior record shall not be scored if the offender *37 has maintained a conviction-free record for a period of 10 consecutive years from the most recent date of release from confinement, supervision or sanction, whichever is later, to the date of the primary offense.
Appellant misconstrues the import of this rule. The primary offense for which he was being sentenced occurred on March 20, 1986. Appellant admits to a D.U.I. conviction in 1982. The fact that more than 10 years elapsed between the 1964 conviction and the 1982 conviction is of no moment here. The 10 year period referred to in the rule is calculated backward from the instant offense. If during that period the defendant has maintained a conviction-free record, then no part of his prior record is calculated. If, on the other hand, the defendant has suffered a conviction during that 10 year period, then all of his adult prior record is calculated. The 1982 conviction was within the 10 year period prior to the 1986 offense, so defendant’s 1964 conviction was properly included.
AFFIRMED.
UPCHURCH, C.J., and COBB, J., concur.